PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KENDRAIL BANKS, | ) | |
| | ) | CASE NO. 4:22CV0631 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DEANNA BEAUCHAMPS | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 3] |

**I.**

*Pro Se* Plaintiff Kendrail Banks alleges that he is a defendant in another court, subject to harmful actions of Deanna Beauchamps named as a defendant in the above-entitled action. On April 20, 2022, Banks filed a Notice of Removal (ECF No. 1) of the child support action filed against him by Beauchamps and the Mahoning County Child Support Enforcement Agency ("MCCSEA") in Mahoning County, Ohio Court of Common Pleas, Juvenile Division, Case No. 15JH167. Banks paid the $402 filing fee.

The Juvenile Court issued a child and medical support Order on November 27, 2018. Banks allegedly did not comply with that Order. Therefore, MCCSEA filed a Motion to Show Cause and Notice of Contempt (ECF No. 1-1 at PageID #: 7) on September 23, 2021. It appears that the motion was set for hearing at least twice, once in November 2021 (*see* ECF No. 1-1 at PageID #: 6) and most recently on April 7, 2022 (*see* ECF No. 1-1 at PageID #: 4). Plaintiff does not indicate what happened at this latest hearing, but he did request a transcript. *See* "Order for transcript" (ECF No. 1-1 at PageID #: 19). Instead, he seeks to remove the child support

(4:22CV0631)

action to this federal court arguing that the Mahoning County Juvenile Court lacks jurisdiction over him because he did not agree to pay child support and attempted to cancel his child support obligation by filling out an IRS Form 1099-C for cancellation of debt. *See* ECF No. 1-1 at PageID #: 12. He claims the Juvenile Court denied him due process.

**II.**

This Court is permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized when the asserted claims lack an arguable basis in law, or if the Court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Notice of Removal of a civil action or proceeding must be filed within 30 days after the receipt by the defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b). Moreover, when diversity of citizenship is the basis for removal, the case cannot be removed from state court if

(4:22CV0631)

any of the defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

### III.

As an initial matter, Beauchamps could not have brought this action originally in federal court. Diversity of citizenship is not present because all parties are citizens of Ohio. Even if the parties were of diverse citizenship, the domestic relations exception to diversity of citizenship jurisdiction would apply to bar federal court jurisdiction over a child support determination. *See Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *see also Meyer v. Butler Cnty. Children Svcs.*, No. 1:18-cv-617, 2018 WL 5046538, at *2 (S.D. Ohio Sept. 13, 2018) (finding the federal court cannot grant the relief Plaintiff seeks-alteration of the state court's child support award), *report and recommendation adopted*, No. 1:18cv617, 2018 WL 5043912 (S.D. Ohio Oct. 17, 2018). Banks did not provide the Court with copies of all of the documents in the Juvenile Court file. This Court cannot access public records from the state case because it is pending in Mahoning County Juvenile Court. There is no suggestion, however, that MCCSEA's Motion to Show Cause and Notice of Contempt (ECF No. 1-1 at PageID #: 7) or any other filing of MCCSEA and/or Beauchamps contained a federal claim. Nevertheless, it appears that this action was originally filed against Banks to establish paternity and/or to obtain an order for payment of child and medical support.

Child support determinations are a matter of state law. Although Banks asserts a denial of due process in the Notice of Removal (ECF No. 1) and attempts to file a document entitled "Complaint for civil case" (ECF No. 1-3) that asserts a denial of due process, federal question

3

(4:22CV0631)

jurisdiction under 28 U.S.C. § 1331 is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Lanners v. Minnesota*, No. 19-2000 (PAM/SER), 2019 WL 3819672, at *2 (D. Minn. Aug. 14, 2019) (remanding case to state court when federal question jurisdiction was lacking because plaintiffs did not allege that the underlying juvenile court case involved any question of federal law). Federal counterclaims and defenses are inadequate to confer federal jurisdiction and fail to establish a basis for removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Because a federal question was not raised in Beauchamps' properly pleaded complaint filed in Mahoning County Juvenile Court, this action cannot be removed to federal court.

Furthermore, the Notice of Removal must be filed within 30 days of receipt of the initial pleading. The initial pleading appears to have been filed in 2015. The Mahoning County Juvenile Court issued a child and medical support Order in 2018. Defendant did not comply with the Order and MCCSEA sought to enforce it by filing a Motion to Show Cause and Notice of Contempt (ECF No. 1-1 at PageID #: 7) in September 2021. That Motion appears to have been heard prior to Banks' attempt to remove the case from state court. The Notice of Removal (ECF No. 1) is untimely, and appears to have been filed in an attempt to interfere with the Juvenile Court's proceedings. That is not a proper use of removal.

**IV.**

Accordingly, the within matter will be remanded *sua sponte* to the Mahoning County, Ohio Court of Common Pleas, Juvenile Division, the state court from which it was removed. 28

(4:22CV0631)

U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). MCCSEA's Motion for Remand (ECF No. 3) is denied as moot.

    IT IS SO ORDERED.

| | |
|---|---|
| April 29, 2022 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |